UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STANISLAW GIL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 3:10cv408 JD |
| | ) |
| WILLIAM WILSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Stanislaw Gil filed his complaint in this case, pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights, while he was a prisoner confined at the Westville Correctional Facility ("WCF"). The Defendants are WCF Superintendent William Wilson, Case Manager Jon Eichelberg, and Counselor Marie Carter. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Mr. Gil filed his complaint in this cause of action while he was still a prisoner confined at the WCF. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint against governmental entities or officials and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

> "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McReady v. Ebay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict

the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court must review a *pro se* plaintiff's submission more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94(2007) (per curiam).

## CLAIMS RESULTING FROM DISCIPLINARY CHARGES AGAINST THE PLAINTIFF

According to the complaint and its attachments, on October 6, 2008, Correctional Officer M. Sobolewski wrote a conduct report against Mr. Gil for committing battery on another inmate, even though, according to Mr. Gil, he was the victim not the aggressor [DE 1-1 at 1]. On October 29, 2008, the disciplinary hearing board found Mr. Gil guilty and sanctioned him with a loss of sixty days of earned credit time and a sixty day loss of recreation privileges [DE 1-1 at 3]. Mr. Gil alleges that because the disciplinary hearing board found him guilty, he was removed from an education program, that he "lost the fall 08 semester, which I started in August 08," and that he had to make up "the lost semester with extra cost I paid [out] of my own pocket" [DE 1 at 4] .

Mr. Gil brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Because the loss of good time credits increases the length of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification.

*Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

Mr. Gil seeks damages rather than restoration of earned credit time. But his damage claim is barred at this point by *Heck v. Humphrey*, 512 U.S. at 486-87, which provides that if the remedy sought under § 1983 would require a finding or judgment that would have the effect of invalidating a conviction or sentence, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The *Heck* doctrine applies to prison disciplinary hearings where the plaintiff lost good time credits or was demoted in credit time earning classification. *Edwards v. Balisok*, 520 U.S. 641 (1997).

To award damages to Mr. Gil because he is innocent of the charges against him or because he was denied due process at the disciplinary hearing would require a finding that the disciplinary board's finding of guilt was invalid, which is precluded by *Heck*. Because the relief Mr. Gil requests would render the board's finding of guilt invalid, his § 1983 complaint is premature. Accordingly, the Court will dismiss this claim without prejudice to the Plaintiff's right to file a petition for writ of habeas corpus challenging the loss of earned credit time and his right to refile his damage claim if he is able to have the disciplinary board's finding of guilt set aside.

## CLAIMS RELATED TO DENIAL OF EDUCATIONAL OPPORTUNITIES

Mr. Gil also alleges that he unsuccessfully attempted to enroll in college classes in the spring of 2009, several months after the completion of the disciplinary charge against him [DE 1 at 6], and again in the fall of 2009 [DE 1 at 9]. He alleges that had he been able to complete these educational programs he might have earned extra credit time that would have led to an earlier

4

release from prison.

To the extent Mr. Gil asserts that he was denied the opportunity to participate in an educational program, he states no claim upon which relief can be granted. There is no constitutional right to educational programs. *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir.1982). Prisoners have neither a liberty nor a property interest in educational programs. *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1995).

Mr. Gil alleges that by not being allowed to complete college courses he was unable to "make up my lost [credit] time to get benefit from time cut" [DE 1 at 9]. But the United States Court of Appeals for the Seventh Circuit has held that denying a prisoner the opportunity to earn credit time by taking educational courses states no claim upon which relief can be granted in a § 1983 action.

> *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), held that while the Due Process Clause does not itself create a liberty interest in good time credits, the state may create a liberty interest in earned good time credits. *Wolff*, 418 U.S. at 557, 94 S.Ct. at 2975. According to *Sandin*, if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but there is no such protection for action that merely might affect the duration of the sentence. *Sandin*, 515 U.S. at ----, 115 S.Ct. at 2302. Even if Higgason had been given the opportunity, it was not inevitable that he would complete an educational program and earn good time credits. Thus, denying the opportunity to earn credits did not "inevitably affect the duration of the sentence," and did not infringe on a protected liberty interest.

CLAIMS RELATED TO LOSS OF PROPERTY
AT THE HANDS OF OTHER INMATES

Mr. Gil alleges that he was the "victim of several thieveries for about $600" by other inmates, but that he "never got any help from officers and from prison management" [DE 1 at 9]. Mr. Gil does not allege that prison officials directly deprived him of his property; rather, he claims that other inmates stole his property and that prison officials did not prevent the thefts or help him recover his lost property. He states that he filed a notice of tort claim, but "was told

that [the] 'facility is not liable for offender to offender theft'" [DE 1 at 9].

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." But there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517 (1984). A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Id.* at 533 ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy"). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due").

Despite what Mr. Gil says that prison officials told him, the state may in fact be liable for offender to offender theft under state tort law if prison officials' negligence allowed the theft to occur. Since Indiana provides an adequate remedy for the negligent deprivation of property by prison officials, Mr. Gil's allegations state no claim upon which relief can be granted under § 1983. Accordingly, the Court will dismiss this claim without prejudice to the Plaintiff's right to file a state court tort action regarding the loss of his property.

## CLAIMS RELATED TO THE PLAINTIFF BEING ATTACKED BY OTHER INMATES

Finally, Mr. Gil asserts when WCF officials moved him to the IC Complex in December 2008, he "experienced organized terror action against me by prisoners from N-1 dorm and dorm officers" [DE 1 at 5]. Mr. Gil alleges that on January 17, 2009, an inmate attacked him while he was sleeping, causing him injury [DE 1 at 5]. He was moved to another dorm, but on July 5, 2009, another inmate punched him in the face and the dorm sergeant "refused to help" [DE 1 at 8].

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Prison officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. at 833, *quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988). Deliberate indifference in such circumstances is defined as "criminal recklessness." *Id*, 511 U.S. at 839-840. An "official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* 511 U.S. at 847.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). If the Defendants were aware that other inmates had threatened Mr. Gil before he was attacked but failed to take

reasonable steps to avert injury to him, then giving him the benefit of the inferences to which he is entitled at the pleadings stage, he states a plausible Eighth Amendment failure to protect claim against the Defendants.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the Court:

(1) GRANTS the Plaintiff leave to proceed against the Defendants in their individual capacities for damages on his Eighth Amendment claim that they failed to protect him from being attacked and injured by other inmates;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A, all other claims. The dismissal of the Plaintiff's claim that he was denied due process in a prison disciplinary hearing and his loss of property claim are dismissed without prejudice;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on the Defendants on the Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: August 30, 2011

        /s/ JON E. DEGUILIO
Judge
United States District Court