UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STANISLAW GIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-408 JD |
| | ) | |
| WILLIAM WILSON, | ) | |
| Superintendent, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Stanislaw Gil filed a complaint under 42 U.S.C. § 1983 alleging the violation of his federally protected rights while he was confined at the Westville Correctional Facility ("WCF") [DE 1]. The Court screened the complaint pursuant to 28 U.S.C. § 1915A, granted Mr. Gil leave to proceed against the Defendants in their individual capacities for damages on his Eighth Amendment claim that they failed to protect him from being attacked and injured by other inmates, and dismissed all other claims [DE 10]. Mr. Gil has been released from the custody of the Indiana Department of Corrections ("IDOC"), and currently resides in Illinois [DE 7]. The Defendants have moved for summary judgment, pursuant to FED. R. CIV. P. 56, arguing that Mr. Gil failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) and that no material fact exists on Mr. Gil's claim for deliberate indifference [DE 37, 38]. Mr. Gil has not responded, despite the fact that Defendants filed the requisite *pro se* litigant notice consistent with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) [DE 39].

**Standard of Review**

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, at summary judgment the burden is on the defendant to

establish that no material disputes exist concerning that defense. *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Summary judgment is only appropriate if "there are no genuine issues of material fact and judgment as a matter of law is warranted for the moving party." *Gross v. PPG Indus., Inc.*, 636 F.3d 884, 888 (7th Cir. 2011). All facts and reasonable inferences are to be construed in favor of the nonmoving party. *Nation v. Am. Capital, Ltd.*, 682 F.3d 648, 651 (7th Cir. 2012). The nonmoving party may not "rest on mere allegations or denials in its pleadings." *Serednyj v. Beverly Healthcare, LLC,* 656 F.3d 540, 547 (7th Cir. 2011). However, when a party with personal knowledge makes specific factual assertions in its pleadings, declares under penalty of perjury that the pleading is true, and signs the pleading, the factual assertions may be weighed as evidence just as if they were contained in an affidavit. *Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996). That is the case with respect to the complaint Mr. Gil filed here [DE 1 at 12]. Finally, a *pro se* complaint is to be liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), prisoners must exhaust all available administrative remedies before they may file a § 1983 claim regarding the conditions of confinement. *Jones*, 549 U.S. at 204. Exhaustion of remedies is required, "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). When faced with a question of exhaustion under the PLRA, "[t]he court must not proceed to render a substantive decision until it has first considered § 1997e(a)." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999).

The Seventh Circuit has taken a "strict compliance approach" to the exhaustion requirement.

2

*Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). However, while "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," *Jones*, 549 U.S. at 210, a prisoner "is required to exhaust only '*available*' administrative remedies." *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (emphasis added). An administrative remedy is unavailable to a prisoner under § 1997e(a), and therefore need not be exhausted, if prison officials either intentionally or accidentally misrepresent the grievance procedures or otherwise prevent the prisoner from utilizing them. *See Pavey*, 663 F.3d at 906 (administrative remedies are unavailable if "prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take . . ."); *Hurst*, 634 F.3d at 411 ("a remedy is not available if essential elements of the procedure for obtaining it are concealed."); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."); *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005) (prison officials who "encourage, or even invite noncompliance" with grievance procedures render those remedies unavailable).

"Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit. Section 1997e applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (internal citation and other citation omitted). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000).

Mr. Gil alleges that Defendants violated his Eighth Amendment rights by failing to protect him from being attacked and injured by other inmates from October 3, 2008 to July 2009 [DE 1 at 12]. In support of Defendants' motion for summary judgment, the Defendants submitted the declaration of WCF Counselor Maria Carter [DE 37-1], the declaration of WCF Grievance Specialist Timothy Bean [DE 37-2], and portions of the deposition of the Plaintiff [DE 37-3]. The Defendants' submissions establish that the IDOC had a grievance procedure in effect while Mr. Gil was housed at the WCF and that the claims he presents in his complaint were grievable. Grievance Specialist Bean states in his declaration that he has examined the WCF grievance records, which "indicate when an offender has filed a grievance, the responses he received, how far through the grievance process he pursued his claims, and the ultimate resolution of the claims" [DE 37-2 at ¶ 14]. Mr. Bean's affidavit also indicates "that Offender Gil filed no grievance related to" the events he complains of in his complaint occurring on October 3, 2008 or January 17, 2009 [DE 37-2 at ¶¶ 15, 16].

Additionally, during his deposition, Mr. Gil admitted that he filed a tort claim, a complaint with the Ombudsman Bureau, and a request to the ACLU for legal assistance regarding his claims [DE 37-3 at 12]. Mr. Gil listed these items in his complaint and (erroneously) indicated that they show his use of the prison grievance system [DE 1 at 2; DE 1-1 at 9-14]. In fact, Mr. Gil confirmed in his deposition that he did not file a formal grievance with the IDOC because his time was coming to an end and there was no point in filing a grievance[1] [DE 37-3 at 12].

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the

---

[1] Mr. Gil testified to filing grievances regarding other events occurring prior to October 2008; however, these events did not concern his being assaulted by other inmates [DE 37-3 at 11-12]—the sole claim considered herein.

time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023. On summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Shaffer v. AMA*, 662 F.3d 439, 443 (7th Cir. 2011), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court is "obligated to view the record in the light most favorable to [the nonmoving party] and to refrain from weighing the evidence or deciding which inferences to draw[.]" *Id.* at 446. In order to prevail on the motion for summary judgment, Defendants have the burden of showing that no material disputes exist concerning his defense of non-exhaustion. *Pavey*, 663 F.3d at 903.

Viewing all facts and reasonable inferences in favor of Mr. Gil and liberally construing Mr. Gil's *pro se* complaint, the Court finds that there is no genuine issue of material fact thereby making judgment as a matter of law on non-exhaustion grounds warranted. *Gross*, 636 F.3d at 888. The Defendants have established that a prison grievance system was available to Mr. Gil and no inferences or facts suggest that prison officials prevented Mr. Gil from filing a grievance (or made the administrative remedy unavailable) so that he could report his being attacked and injured by other inmates from October 3, 2008 to July 2009. Mr. Gil, himself, admitted that the reason he did not file a formal grievance with the IDOC concerning his Eighth Amendment claim was because he was almost done serving his prison time. Defendants have met their burden in showing that Mr. Gil did not initiate the grievance process, let alone take all of the steps prescribed by the prison's available grievance system, relative to his Eighth Amendment claim [DE 37-2; 37-3 at 12]. *See Pavey,* 663 F.3d at 905-06 (presenting concerns to prison officials outside the prison's formal

grievance process do not satisfy the exhaustion requirement); *Pozo*, 286 F.3d at 1024 ("a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies"). In fact, because Mr. Gil is no longer confined within the Indiana Department of Corrections, the administrative grievance process is no longer available to him. *See Dixon*, 291 F.3d at 488-89.

**Conclusion**

For the foregoing reasons, the Court GRANTS the Defendants' motion for summary judgment [DE 37], DISMISSES this complaint WITHOUT PREJUDICE, *see Ford*, 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice"), and DIRECTS the clerk to enter judgment in favor of the Defendants and against the Plaintiff.

SO ORDERED.

ENTERED: December 11, 2012

                                          /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court